United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY R. KAMALEDDIN,<br><br>    Petitioner,<br><br>  v.<br><br>ANTHONY HEDGPETH, Warden,<br><br>    Respondent. | No. C 11-1886 WHA (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND CERTIFICATE OF APPEALABILITY** |

## INTRODUCTION

Petitioner Ray Kamaleddin, a California prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254 challenging the amount of time credits he is earning for participating in a prison work program. Respondent was ordered to show cause why the writ should not be granted. Respondent has filed an answer and a memorandum of points and authorities in support of it, and petitioner filed a traverse. For the reasons set forth below, the petition is **DENIED**.

## ANALYSIS

Petitioner was convicted in 2005 of assault with a firearm (Cal. Pen. Code § 245(a)(2)) and a sentence enhancement for the use of a firearm (Cal. Pen. Code § 12022.5) (Resp. Ex. 1). In 2008, he was sentenced to a term of six years in state prison (*ibid.*). Prison officials have allowed him to earn "work-time credits," i.e. credit against his sentence based upon his participation in qualifying work or education programs in the prison, up to a maximum of a 15

percent reduction in his sentence. Petitioner claims that his rights to due process and to equal protection are being violated because he is being denied the right to earn more work-time credits at a faster rate, specifically up to a maximum of a 50 percent reduction in his sentence. He raised this claim in habeas petitions filed in all three levels of the California courts, and the state courts all denied the claim summarily.

If a state prisoner's time credits have been improperly computed, he may have a claim for denial of due process, *see Haygood v. Younger*, 769 F.2d 1350, 1355-58 (9th Cir. 1985), which generally may only be remedied by way of a petition for a writ of habeas corpus, *see Young v. Kenny*, 907 F.2d 874, 876-78 (9th Cir. 1990). Petitioner's claim here, however, is without merit. California Penal Code Section 2933.1(a) sets forth the work-time provision for inmates convicted of "violent" felonies and states, in relevant part, "any person who is convicted of a felony offense listed in subdivision (c) of Section 667.5 shall accrue no more than 15 percent of worktime credit . . .." As noted above, petitioner's conviction for assault with a firearm was enhanced under Section 12022.5 for the use of a firearm (Resp. Ex. 1). Any felony that is enhanced under Section 12022.5 for the use of a firearm is listed as a violent felony under section 667.5(c). *See* Cal. Penal Code § 667.5(c)(8). While Section 2933 allows California prisoners generally to earn work-time credits to reduce their sentence up to 50 percent, Section 2933.1(a) clearly carves out an exception to that general rule for people, such as petitioner, who were convicted of the "violent" felonies listed in Section 667.5(c). Thus, prison officials have not miscalculated his worktime credits, and petitioner is not entitled to federal habeas relief on his due process claim.

Petitioner claims that prison officials have violated his right to equal protection because they have given other inmates a "waiver" that allows them to earn work-time credits at the faster rate of 50 percent, but they have not given petitioner such a waiver. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)).

The waiver petitioner refers to is provided for in California Penal Code Section 2934, which allows inmates to seek permission to "waive" the right to earn work-time credits under Section 2931 and instead earn work-time credits under Section 2933. *See* Cal. Pen. Code § 2934. Section 2931 is the former work-time credit provision that allowed inmates to earn a maximum of one-third reduction in their sentence, *id.* § 2931, but it does not apply to inmates convicted after January 1, 1983, *id.* § 2931(d). Section 2934 allows inmates subject to that provision to seek to "waive" it and instead earn work-time credits at the faster rate of 50 percent as provided in Section 2933. *Id.* §§ 2933, 2934. This statutory scheme does not treat petitioner differently from similarly situated inmates. Petitioner was convicted after January 1, 1983, and therefore not subject to the one-third rate of Section 2931; he cannot obtain a waiver from 2931 since it did not apply to him. Secondly, as described above, Section 2933.1(a) states that "notwithstanding any other law" inmates like petitioner who were convicted of one of the "violent" felonies listed in Section 667.5(c) cannot earn more than a 15 percent reduction in their sentence. Thus, the statutory scheme does not allow for inmates like petitioner, who have been convicted after 1983 of a felony listed in Section 667.5(c), to earn more work-time credits than him.

Petitioner claims that prison officials have nevertheless given the waiver to inmates who were convicted after 1983 of the same offense as him and allowed them to earn work-time credits at the rate of 50 percent. He tries to support this claim by submitting records of several inmates, but these records indicate that such inmates, unlike petitioner, were not convicted of one of the "violent" felonies listed in Section 667.5(c) (Pet. Ex. A; Trav. Ex. 1). Thus, unlike petitioner, they are not restricted to the 15 percent maximum set forth in Section 2933.1(a). Petitioner has not shown that prison officials have given a waiver to any "similarly situated" inmate, i.e. convicted of a violent felony listed in Section 667.5(c) after 1983, that allows them earn work-time credits at the rate of 50 percent. Had prison officials done so, moreover, this would constitute a misapplication of state law, to which the Equal Protection Clause does not apply. *See Alford v. Rolfs*, 867 F.2d 1216, 1219 (9th Cir. 1989) (citing *Beck v. Washington*, 369 U.S. 541, 554-55 (1962), for the settled precedent that the Equal Protection Clause does not

3

prohibit a mere misapplication of state law); *see, e.g., Little v. Crawford*, 449 F.3d 1075, 1083 (9th Cir. 2006) (petitioner cannot establish equal protection claim warranting habeas relief simply because, or if, the state court misapplied state law).

Petitioner has not shown that prison officials have miscalculated his work-time credits or treated him differently than other similarly situated inmates. Accordingly, his claim that prison officials have violated his rights to due process or equal protection fails, and the state courts' denial of this claim was neither contrary to nor an unreasonable application of clearly established federal law. *See* 28 U.S.C. 2254(d).

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is **DENIED**.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is denied. Petitioner has failed to make a substantial showing that his claims amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would find the denial of his claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: November 23, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.11\KAMALEDDIN1886.RUL.wpd

4